IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEMETRIUS CURTIS,<br>    Plaintiff, | :: <br> :: <br> :: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | :: <br> :: | |
| NEIL BUTLER and MAYTAC TAYLOR,<br>    Defendants. | :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:18-CV-3643-TWT-LTW |

## FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the Gwinnett County Jail in Lawrenceville, Georgia. Plaintiff, pro se, seeks relief under 42 U.S.C. § 1983 from two officers with the Norcross Police Department who initiated the criminal prosecution currently pending against Plaintiff in the Superior Court of Gwinnett County. (Doc. 1.) The Court granted Plaintiff leave to proceed *in forma pauperis* and now must screen his complaint.

A federal court must screen a prisoner's complaint to determine if it: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that: (1) an act or omission deprived him of a right, privilege,

or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

Plaintiff alleges that in February 2018, Defendant Officer Butler stopped the car Plaintiff was driving because Plaintiff allegedly was not wearing a seatbelt. (Doc. 1 at 4-6.) Plaintiff alleges that Butler was sitting in a parked police car when Plaintiff drove by him at a distance of fifty to sixty feet. (*Id.*) Plaintiff contends that because it was night and one of the cars (either Plaintiff's or Butler's police car) had tinted windows, Butler could not have seen whether Plaintiff was wearing his seat belt. (*Id.*)

Plaintiff further alleges that Butler asked to search his car, but Plaintiff refused. (*Id.*) Butler searched Plaintiff's person for weapons and found none. (*Id.*) Plaintiff then ran from Butler, but eventually gave up. (*Id.*)

Finally, Plaintiff alleges that Butler planted drugs in Plaintiff's car before bringing a police canine to search the car. (*Id.*) Plaintiff contends that Defendant Officer Taylor observed this. (*Id.*)

Plaintiff claims that he was charged with unlawfully possessing the drugs Butler planted in his car and that his criminal case is pending. (*Id.*) Plaintiff seeks $1.5 million in damages from Defendants. (*Id.*)

Liberally construed, Plaintiff's complaint asserts two claims: an unlawful traffic stop and malicious prosecution. "A traffic stop, which is a seizure within the meaning of the Fourth Amendment, is constitutional if it is either based upon probable cause to believe a traffic violation has occurred or justified by reasonable suspicion in accordance with *Terry [v. Ohio]*, 392 U.S. 1 [(1968)]." *United States v. Spoerke*, 568 F.3d 1236, 1248 (2009) (citations and quotation marks omitted). Police officers may conduct a brief investigatory stop of a vehicle "if they have a reasonable, articulable suspicion based on objective facts that an individual is engaged in criminal activity." *United States v. Harris*, 526 F.3d 1334, 1337 (11th Cir. 2008) (quotation marks omitted).

Plaintiff's allegations do not support a plausible finding that Butler did not reasonably suspect that Plaintiff was driving a car without wearing a seat belt. Plaintiff merely speculates that Butler did not see what Butler told him he saw as Plaintiff drove by while Butler was sitting just fifty to sixty feet away. If Butler saw Plaintiff driving without a seat belt, he was justified in stopping and arresting Plaintiff for that crime. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); O.C.G.A. § 40-8-76.1.

AO 72A
(Rev.8/82)

While a more carefully drafted complaint might state a viable claim regarding the traffic stop, litigation of that claim now would interfere with the criminal prosecution pending against Plaintiff. Abstention principles generally prohibit federal courts from granting relief that interferes with a pending prosecution in state court. *Younger v. Harris*, 401 U.S. 37, 41 (1971). The traffic stop Plaintiff challenges under § 1983 is the seminal event that led to his interaction with police and the discovery of the drugs that are the basis of his prosecution. A finding that the traffic stop was unlawful could implicate the validity of the entire criminal case. Under these circumstances, the Court should abstain from adjudicating the merits of the traffic stop claim and dismiss it without prejudice.

Plaintiff's malicious prosecution claim also should be dismissed without prejudice because it is not ripe. Malicious prosecution claims do not accrue until the criminal charges against the plaintiff are fully resolved in his favor. *Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994); *Uboh v. Reno*, 141 F.3d 1000, 1002-04 (11th Cir. 1998). Indeed, termination of the criminal case in the plaintiff's favor is a required element of the claim. *Uboh*, 141 F.3d at 1004. Plaintiff's criminal case is still pending and, thus, has not been resolved in his favor.

AO 72A
(Rev.8/82)

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** to Plaintiff asserting his claims after his criminal case concludes.

**SO RECOMMENDED**, this 6 day of August, 2018.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)